# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| **JERRY DUNCAN,** | ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | No. 3:10-CV-4 (Phillips) |
| **ROANE COUNTY, ROANE COUNTY SHERIFF'S DEPARTMENT, and the STATE OF TENNESSEE,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendants' Motions to Dismiss [Docs. 5, 10] and plaintiff's Motion to Appoint Counsel [Doc. 12]. Defendants Roane County and Roane County Sheriff's Department (hereafter, "Roane County") move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 5]. Defendant State of Tennessee moves to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. [Doc. 10]. Plaintiff, a *pro se* litigant, seeks appointment of counsel. [Doc. 12].

The issue is whether plaintiff's federal civil rights action is barred by the statute of limitations? For the following reasons, defendant Roane County's Motion to Dismiss [Doc. 5] is **GRANTED**, defendant State of Tennessee's Motion to Dismiss [Doc. 10] is **DENIED AS MOOT**, and plaintiff's Motion to Appoint Counsel [Doc. 12] is **DENIED AS MOOT**. Accordingly, plaintiff's federal civil rights action under 42 U.S.C. § 1983 is **DISMISSED WITH PREJUDICE**. To the extent that plaintiff is asserting any claims that arise under state law, those claims are **DISMISSED WITHOUT PREJUDICE**.

1

**I.    BACKGROUND**

On January 5, 2010, plaintiff filed a civil rights action under 42 U.S.C. § 1983. [Doc. 1]. As a basis for the § 1983 action, plaintiff alleges that the Roane County Sheriff's Department conducted an illegal search of his home. [Doc. 2 at 3]. Plaintiff does not mention when the search occurred, where it occurred, what items were taken, or which officers conducted it. [*Id*.]. Instead, plaintiff suggests that the Court should incorporate by reference a previously-filed complaint. [*Id*.]. Plaintiff does not state which lawsuit he is referencing, but the Court assumes it is one of the two previously-filed cases with the United States District Court for the Eastern District of Tennessee: either *Duncan v. Worley, et al.,* Case No. 3:95-CV-625 (E.D. Tenn. 1995), or *Duncan v. Worley, et al.*, Case No. 3:02-CV-186 (E.D. Tenn. 2002). Plaintiff was most likely referencing Case No. 3:02-CV-186 because he stated that the previous case was "dismissed without prejudice . . . it involved 4th amendment rights violations and many others." [Doc. 2 at 3]. Case No. 3:02-CV-186 was dismissed without prejudice and involved alleged violations of the Fourth Amendment.

In Case No. 3:02-CV-186, plaintiff filed a civil rights action under 42 U.S.C. § 1983. [Doc. 18 in Case No. 3:02-CV-186 ]. As a basis for his § 1983 action, plaintiff alleged that officers violated his Fourth Amendment rights by conducting a search of his home on June 20, 1995. [*Id.* at 2]. During the search, officers seized controlled substances, cash, and other items. [*Id*.]. Plaintiff was charged with possession of a controlled substance with the intent to sell, and possession of drug paraphernalia. [*Id*.].

On July 6, 1998, plaintiff pled guilty to the counts of possession of a controlled substance with the intent to deliver. [*Id*.]. On July 31, 1998, plaintiff filed a notice of appeal pertaining to the trial court's refusal to set aside his guilty plea and sentence. [*Id*.]. The Court of Criminal Appeals for the State of Tennessee affirmed the judgment of the trial court on August 31, 1999. [*Id*.]. Plaintiff did not file the lawsuit [Case No. 3:02-CV-186] until April 12, 2002. Eventually, United

States District Judge Leon Jordan dismissed plaintiff's § 1983 action because it was barred by the statute of limitations.

Because plaintiff has attempted to incorporate the facts of Case No. 3:02-CV-186, the present case rests upon the search that was conducted in June 1995. Plaintiff has sued Roane County, the Roane County Sheriff's Department, and the State of Tennessee for a "return of money and property illegally confiscated." [Doc. 2 at 3, Case No. 3:10-CV-4]. Plaintiff also wants his criminal record expunged. [*Id.*]. Defendants have moved to dismiss this case [Docs. 5, 10], and plaintiff seeks appointment of counsel [Doc. 12].

## II.  STANDARD OF REVIEW

Defendants argue that this case should be dismissed under Rule 12(b)(1) because this court lacks subject matter jurisdiction. Defendants further argue that this case should be dismissed under Rule 12(b)(6) because plaintiff has failed to state a claim upon which relief may be granted.

Where, as here, a Rule 12(b)(1) motion "attack[s] the claim of jurisdiction on its face ... all allegations of the plaintiff must be considered as true." *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (quoting *DLX. Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)). Similarly, under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level.' " *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.' " *Id.* (quoting

*Twombly*, 127 S. Ct. at 1974). A motion to dismiss based on statute of limitations grounds should be granted "when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief." *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

## III. ANALYSIS

### A. Plaintiff's Civil Rights Action Under 42 U.S.C. § 1983 is Barred by the Statute of Limitations

Defendants have moved to dismiss this case under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Roane County argues that the statute of limitations period has run for plaintiff's 42 U.S.C. § 1983 action. [Doc. 6 at 3-7].

For cases brought under 42 U.S.C. § 1983, the Sixth Circuit has held that courts must apply "the statute of limitations for personal-injury tort actions in the state where the cause of action originated." *Hall v. Spencer County, Ky.*, 583 F.3d 930, 933 (6th Cir. 2009) (citing *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989)). Under Tennessee law, personal-injury claims must be filed within one year of the tort:

> In all actions brought under § 1983 alleging a violation of civil rights or personal injuries, the statute of limitations governing actions for personal injuries is to be applied. Tennessee's limitations period for actions brought under federal civil rights statutes or for personal injuries is one year.

*Berndt v. Tenn.*, 796 F.2d 879, 883 (6th Cir. 1986) (citing Tenn. Code. Ann. § 28-3-104). As long as the present case is based upon the facts of the 2002 case [*Duncan v. Worley, et al.*, Case No. 3:02-CV-186 (E.D. Tenn. 2002)]- that is, the 1995 search of plaintiff's home-the § 1983 action is barred by the statute of limitations.

While statute of limitations principles are governed by state law, the question of when a § 1983 claim accrues is a question of federal law. *See LRL Prop. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995). In general, a civil rights claim for relief accrues when the plaintiff

4

knows or has reason to know of the injury that is the basis of the action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). "A plaintiff has reason to know his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). Here, the wrongdoing allegedly occurred in June 1995, and plaintiff filed two complaints related to the search. [*Duncan v. Worley, et al.,* Case No. 3:95-CV-625 (E.D. Tenn. 1995), and *Duncan v. Worley, et al*, Case No. 3:02-CV-186 (E.D. Tenn. 2002)]. Thus, it is clear that plaintiff's present claim for relief- which is based upon the same facts of the previously dismissed actions- accrued more than one year ago.

Despite plaintiff's fifteen-year delay in filing this action, plaintiff argues that the statute of limitations should be tolled. [Doc. 2 at 5 in *Duncan v. Roane County, et al*., Case No. 3:10-CV-4 (E.D. Tenn. 2010)]. Under Tennessee law, the statute of limitations tolls for a plaintiff if he has a disability, which includes a plaintiff who is of "unsound mind." Tenn. Code. Ann. § 28-1-106. Plaintiff argues that he is mentally insane: "But after all these years I finally looked under insanity in the law dictionaries . . . I feel that I fall in that category." [*Id*]. In particular, plaintiff states that he suffered head injuries when he was a child, that he witnessed his younger sister get hit by a car, that he had a bad childhood, and that he suffered from alcohol abuse. [*Id*.]. However, "tolling statutes based on disabilities only apply if the disability *existed at the time the cause of action accrued.*" *Jacobs v. Baylor School*, 957 F. Supp. 1002, 1008-09 (E.D. Tenn. 1996) (emphasis added) (citing *Foster v. Allbright*, 631 S.W. 2d 147, 150 (Tenn. Ct. App. 1982)). The plaintiff has the burden of showing that he was of "unsound mind." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 461, n. 5 (6th Cir. 2001). To be of "unsound mind," the plaintiff must be "incapable of attending to any business or taking care of himself." *Id*. (citing *Smith v. Grumman-Olsen Corp*., 913 F. Supp. 1077, 1085 (E.D. Tenn. 1995)). Notably, plaintiff does not allege that any of his impairments (alcohol abuse, bad childhood) prevented him from "attending to any business or taking

5

care of himself." *Id*. Further, plaintiff does not state *when* he was impaired. Thus, it is impossible for the Court to conclude that plaintiff was of "unsound mind" at the time the action accrued. Accordingly, the statute of limitations will not be tolled.

In conclusion, the Court holds that plaintiff's 42 U.S.C. § 1983 action is barred by the statute of limitations. Defendants Roane County's and Roane County Sherrif's Department's Motion to Dismiss [Doc. 5] is **GRANTED**, defendant State of Tennessee's Motion to Dismiss [Doc. 10] is **DENIED AS MOOT**, and plaintiff's Motion to Appoint Counsel [Doc. 12] is **DENIED AS MOOT**.

### B. The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's State-Law Actions

Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. In the Sixth Circuit, the policy is that "[i]f federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 Fed.Appx. 382, 384-85 (6th Cir. 2003)).

The Court only has original jurisdiction over plaintiff's 42 U.S.C. § 1983 action. Because the court dismissed plaintiffs' federal claim prior to trial, the court declines to exercise supplemental jurisdiction over any state law claims. It is unclear whether plaintiff has asserted any claims under state law, but to the extent that he has, those claims are **DISMISSED WITHOUT PREJUDICE**.

### IV. CONCLUSION

For the foregoing reasons, defendant Roane County's Motion to Dismiss [Doc. 5] is **GRANTED**, defendant State of Tennessee's Motion to Dismiss [Doc. 10] is **DENIED AS MOOT**, and plaintiff's Motion to Appoint Counsel [Doc. 12] is **DENIED AS MOOT**. Accordingly,

6

plaintiff's federal civil rights action under 42 U.S.C. § 1983 is **DISMISSED WITH PREJUDICE**. To the extent that plaintiff is asserting any claims that arise under state law, those claims are **DISMISSED WITHOUT PREJUDICE**.

      **IT IS SO ORDERED.**

                                 **ENTER:**

                                   s/Thomas W. Phillips
                                   UNITED STATES DISTRICT JUDGE